Robert D. Kelly, Attorney at Law Pryor, Robertson Barry, PLLC 315 North Seventh Street Post Office Drawer 848 Fort Smith, AR 72902-0848
Dear Mr. Kelly:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 1996 and Supp. 2001). You note that you represent an employee of the Waldron School District who is currently the subject of an investigation being conducted by the District Superintendent. Your question stems from an FOIA request made for a copy of your client's "original application including references." According to your letter, your client specifically objects to the release of the requested documents stating that such release represents an unwarranted invasion of her personal privacy and that there is no compelling public interest in having these records disclosed.
RESPONSE
The Attorney General is directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(A) and (B). In this particular instance, I am unable to offer a conclusive response because I do not know what decision, if any, the custodian has made regarding the public nature of the documents. It should also be noted that I have not been provided with a copy of the job application in question and therefore cannot make a determination as to the nature of the information contained therein. I can, however, set forth the legal standards for disclosability as they relate to the requested record.
This office has regarded the job applications of successful job applicants as "personnel records," within the meaning of the FOIA. Ops. Att'y Gen. 2001-368; 95-244; 95-113 and 94-187. Such applications must therefore be scrutinized under the disclosability standard that is set forth in the FOIA for personnel records. Under that standard, personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).[1]
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Ops. Att'y Gen. 1999-360
and 98-001. Unless it can be factually established that release of certain information on the application would constitute a clearly unwarranted invasion of your client's personal privacy, the "personnel records" exemption will not apply and the information should be released.
Previous Attorney General Opinions reflect that job applications are generally subject to inspection and copying with any exempt information deleted. See, e.g., Ops. Att'y Gen. 2001-080; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-114 and 90-248. Not having reviewed the actual record, I lack sufficient information to determine what specific deletions are warranted. My predecessors have noted, and I agree, that it would be unusual for a job application to contain information sufficiently private to warrant withholding the record from public inspection. See Op. Att'y Gen. Nos. 2002-068 and 95-291. It should be noted, however, that certain information, such as your client's social security number, and any unlisted telephone numbers, if they appear on the application, must be redacted prior to release. Your client's home address and listed telephone number can also be redacted if the facts are such that she has a heightened privacy interest in this information [e.g., if it is likely to be used to harass her and its disclosure does not further the purposes of the FOIA]. See Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998) and Ops. Att'y Gen. Nos. 1999-360; 99-049; 99-016.
In addition, this Office has previously opined that the names of personal references listed on a resume are subject to inspection and copying. Ops. Att'y Gen. 2001-368 and 2001-080. My predecessor also concluded that the disclosability of the home telephone numbers of such references will depend upon whether they are listed or unlisted and any special privacy interests attendant thereto. See Op. Att'y Gen. 2000-306.
The test set out above is an objective one and the fact that your client feels release of the record would be an unwarranted invasion of her privacy is not controlling. See Ops. Att'y Gen. 2002-245, 2001-112, 96-306, 94-198, 93-055; and Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd Ed., 1998) at 126.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Job applications are not reviewed under the more stringent test for "employee evaluation or job performance records" under A.C.A. §25-19-105(c)(1), although records created in the course of a supervisor's investigation may be subject to this test.